UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN FELIX,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>  Defendants. | Case No.: 19cv891-W(MSB)<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE ALL DISCOVERY AND RELATED DEADLINES BY SIXTY DAYS [ECF NO. 29]** |

On March 18, 2020, the parties filed a "Joint Motion to Extend All Discovery and Related Deadlines by Sixty (60) Days." (ECF No. 29.) In support, they contend that written fact discovery has been completed, and the only outstanding fact discovery concerns depositions of the individual Defendants, one San Diego Police Officer, and Plaintiff's fiancée. (Id. at 3.) The parties further state that the City of San Diego's operations have been significantly impacted by the ongoing public health crisis, "[a]ll City buildings have been closed to the general public, and direction has been given to focus on essential City services which include Police, Fire, Water, Wastewater and Trash Disposal. (Id.) They further maintain that "[i]n order to promote the health, safety and wellbeing of all involved, the parties agree to postpone the remaining fact witness depositions until a time where meetings and travel are not discouraged by our local, state and federal government." (Id.)

1

Having considered the joint motion and finding good cause, the Court **GRANTS IN PART** the motion. Having consulted with the chambers of District Judge Whelan, the Court amends its Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings as follows:

1. All fact discovery shall be completed by all parties on or before **June 2, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions must be filed within **30 days** of the event giving rise to the dispute. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts. If a party fails to provide a discovery response, the event giving rise to the discovery dispute is the date response was due.

The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Michael S. Berg's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties shall designate their respective experts in writing by **June 5, 2020**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **June 19, 2020**. The written designations shall include the

name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

    3.     By **July 17, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

    4.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **July 31, 2020**.

    5.     All expert discovery shall be completed by all parties by **August 28, 2020**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

    6.     Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    7.     All other pretrial motions must be filed by **September 25, 2020**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

///

8. A Mandatory Settlement Conference shall be conducted on **October 26, 2020**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, Suite 3145, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a. **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

    b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

c. **Confidential Settlement Statements Required**: On or before <u>**October 19, 2020**</u>, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

d. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

5

19cv891-W(MSB)

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

9. Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c). Should either party choose to file or oppose a motion for summary judgment or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

10. Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a Memorandum of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1(f)(6)(b). The proposed pretrial order shall comply with Civil Local Rule 16.1(f)(6) and the Standing Order in Civil Cases issued by the assigned district judge.

11. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **12/21/2020**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 28, 2020**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of

the proposed pretrial conference order.

13. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 4, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 11, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

15. In addition to submitting the proposed final pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not exceeding two single spaced pages, served on opposing counsel and received in the chambers of Judge Thomas J. Whelan, United States District Judge (and not filed with the Clerk's Office) by 2:30 p.m. on **January 20, 2021**.

The letter brief should be a relatively informal and straightforward document. The letter brief should outline a short, concise and objective factual summary of the party's case in chief, the number of hours/days each party intends to expend at trial, the approximate number of witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed motions in limine that may be filed, precisely when the parties would be prepared to submit their in limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue of proposed jury instructions and when the parties intend to submit them before trial, and voir dire issues, either party's preference as to what date(s) the trial should begin and any other pertinent information that either party may deem useful to assist the Court in the execution of the pretrial conference and in setting the matter for trial.

16. The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on **January 25, 2021**, at **10:30 a.m.**

17. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

18. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

19. The dates and times set forth herein will not be modified except for good cause shown.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

21. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: March 19, 2020

Honorable Michael S. Berg
United States Magistrate Judge